UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DELPHINA JOE,<br><br>             Plaintiff,<br><br>           v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | Case No. C15-1177-RAJ<br><br>**ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Delphina Joe filed a pro se complaint requesting the Court reverse the Administrative Law Judge's (ALJ) decision finding her not disabled.  Dkt. 4.  After scrutinizing the record, the Court finds the ALJ harmfully erred by failing to properly address Ms. Joe's physical impairments and failing to perform a proper drug addiction or alcoholism (DAA) analysis. Accordingly, as discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Ms. Joe applied for benefits, alleging disability as of June 1, 2011.  Tr. 254-68.  Ms. Joe's applications were denied initially and on reconsideration.  Tr. 68-121.  After the ALJ conducted a hearing on June 13, 2013, the ALJ issued a decision finding Ms. Joe not disabled.  Tr. 9-20.

## EVALUATING DISABILTY

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four and at step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is engaging in "substantial gainful activity" (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). [1] If she is, she is not disabled. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically determinable impairments, or combination of impairments, that are "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* If the claimant does not have such impairments, she is not disabled. *Id.* If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work

---

[1] Substantial gainful employment is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R § 404.1572.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if she cannot, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett v. Apfel*, 180 F.3d 1094, 1099-1100 (9th Cir. 1999).  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:**  Ms. Joe has not engaged in substantial gainful activity since June 1, 2011, the alleged onset date.

**Step two:**  Ms. Joe has the following severe impairments: major depressive disorder, posttraumatic stress disorder, generalized anxiety disorder, and polysubstance abuse.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity:**  Ms. Joe can perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple routine tasks involving no contact with the public, limited contact with supervisors, and occasional superficial contact with co-workers.

**Step four:**  As Ms. Joe can perform past relevant work as a warehouse worker/stores laborer, she is not disabled.

**Step five:**  N/A.

Tr. 9-20.  The Appeals Council denied Ms. Joe's request for review making the ALJ's decision the Commissioner's final decision.  Tr. 1-4.[4]

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[4] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

**DISCUSSION**

A.  **Standard of Review**

Ms. Joe asks the Court to review and reverse the ALJ's decision, which is the Commissioner's final decision in this case.  After the Commissioner's final decision, a person seeking social security disability benefits "may obtain a review of such decision by a civil action" in district court.  42 U.S.C § 405(g).  The Court may reverse the ALJ's decision finding a person not disabled "only if it is not supported by substantial evidence or is based on legal error." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  In evaluating the evidence, the Commissioner must also apply the proper legal standards.  *See Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  While the Court may not try Social Security claim cases de novo, it has a "duty 'to scrutinize the record as a whole to determine whether the conclusions reached have a reasonable basis in law.'" *Ainsworth v. Finch*, 437 F.2d 446, 446 (9th Cir. 1971) (quoting *Hicks v. Gardner*, 393 F.3d 299, 302 (4th Cir. 1968).  Additionally, where a party proceeds pro se[5], the Court must construe the allegations of the pleading liberally and afford her the benefit of any doubt.  *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) (citation omitted).

B.  **Drug Addiction or Alcoholism (DAA) Analysis**

---

[5] Ms. Joe filed a complaint alleging that all aspects of her condition were not brought out in court, in particular, with respect to her physical limitations.  Dkt. 4.  Ms. Joe did not file any additional briefing in this case.  However, construing the document liberally, Ms. Joe's complaint generally contends that the ALJ failed to properly consider all of her limitations.  Moreover, the Court is mindful of its duty to scrutinize the record as a whole to determine whether the ALJ's conclusions have a reasonable basis in law. *See Ainsworth*, 437 F.2d at 446.

1    Upon scrutinizing the record as a whole, the Court finds the ALJ harmfully erred by
2 failing to perform a proper drug addiction or alcoholism (DAA) analysis despite finding Ms.
3 Joe's polysubstance abuse was a severe impairment.

4    The regulations provide that if DAA is a contributing factor material to the determination
5 of disability, a claimant cannot be considered disabled for purposes of awarding benefits.  *See* 42
6 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535 and 416.935.  Thus, when DAA is present the
7 ALJ must follow a specific analysis to determine whether it is a contributing factor material to
8 the determination of disability.  *See* 20 C.F.R. §§ 404.1535 and 416.935; *Bustamante v.*
9 *Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  First, the ALJ must complete the five-step
10 disability analysis described above without separating out the effects of DAA.  *See Bustamante*,
11 262 F.3d at 956 (remanding "with instructions that the ALJ proceed with step three (and four and
12 five, if necessary) of the disability determination without attempting to separate out the impact of
13 … alcohol abuse.").  If the ALJ finds the claimant is not disabled under the five step inquiry,
14 then the claimant is not entitled to benefits and there is no need to proceed with the analysis
15 regarding DAA under 20 C.F.R. §§ 404.1535 or 416.935.  *Id.*  On the other hand, if the ALJ
16 finds the claimant disabled without separating out the impacts of DAA, the ALJ must then
17 perform the sequential evaluation process a second time, separating out the impact of the DAA to
18 determine whether she would remain disabled if she stopped using drugs or alcohol.  *See id.*;
19 *Bustamante*, 262 F.3d at 956.  If the ALJ finds the claimant's remaining limitations are disabling
20 after completing that second evaluation, then DAA is not a contributing factor material to the
21 determination of disability and the claimant is disabled.  20 C.F.R. §§ 404.1535(b)(2)(ii),
22 416.935(b)(2)(ii).  On the other hand, if after the second evaluation the ALJ determines a
23 claimant's remaining limitations would not be disabling, the ALJ must find that the claimant's

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

DAA is a contributing factor material to the determination of disability and the claimant is not disabled.  20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(i).

Here, the ALJ found major depressive disorder, posttraumatic stress disorder, generalized anxiety disorder, and polysubstance abuse were severe impairments.  Tr. 11.  In including polysubstance abuse as a severe impairment the ALJ necessarily found it was a medically determinable impairment that alone, or in combination with other impairments, significantly limits Ms. Joe's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c), 404.1521(a).  However, despite acknowledging that DAA was present, the ALJ does not mention or discuss the application of a DAA analysis in his decision.  Moreover, in evaluating the medical evidence and determining the RFC, the ALJ fails to address the impact of Ms. Joe's polysubstance abuse along with her other impairments.  This was error.  In formulating the RFC, the ALJ is required to consider all limitations imposed by all of an individual's impairments.  SSR 96-8p, available at 1996 WL 374184.  Pursuant to the regulations and governing case law, the ALJ was first required to discuss all of Ms. Joe's impairments, including the effects of DAA, in formulating the RFC prior to attempting to separate out the effects of DAA.  *See Bustamante*, 262 F.3d at 956.

Here, the ALJ did not discuss the impact of Ms. Joe's polysubstance abuse (along with her other impairments) on her ability to function.  Rather, the ALJ improperly conducted the initially five step inquiry *separately* considering the impact of Ms. Joe's substance abuse.  This is evidenced by the fact that the ALJ discussed the impact of DAA only as a means to discount Ms. Joe's credibility.  Specifically, the ALJ found Ms. Joe's credibility was hurt because of her attempts "to minimize her polysubstance abuse history" and because "she continued to use marijuana despite its effect on her depression."  Tr. 17.  However, the ALJ failed to discuss what

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

effect marijuana or alcohol had on Ms. Joe's depression or how it otherwise affected her RFC in combination with her other impairments.

In sum, although polysubstance abuse was a major consideration in the ALJ's nondisability determination, the ALJ erred by failing to apply the regulations and law of this Circuit requiring the ALJ to apply a specific two step DAA analysis. This error is not harmless as it renders the ALJ's findings unreliable. Accordingly, this matter must be remanded for the ALJ to perform a proper DAA analysis.

### C. Physical Impairments

The ALJ also erred in evaluating Ms. Joe's physical impairments. The ALJ acknowledges Ms. Joe was diagnosed with myositis, myalgia, polyarticular arthralgias with joint stiffness and rheumatoid arthritis, and that she tested positive for ANA and RNP antibodies. However, the ALJ concludes Ms. Joe has no severe physical impairments. Tr. 13. The record does not support this finding.

At step two of the sequential review process the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(c), 416.921. The step two inquiry, is intended to be a "de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment or combination of impairments may be found "'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Id.* (citing *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)).

The ALJ appears to acknowledge that Ms. Joe has a medically determinable physical impairment related to her joints but finds it does not significantly impact her ability to work. Tr.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

13; *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a).  However, the record shows that, in addition to the diagnoses and supporting objective medical tests, Ms. Joe consistently complained of joint pain and was found on examination to have joint tenderness, decreased range of motion and stiffness.  Tr. 520, 607.  In finding Ms. Joe's physical impairments non-severe, the ALJ relies largely on the opinions of two reviewing physicians dated November 2011 and March 2012.  Tr. 13.  However, the majority of the evidence regarding Ms. Joe's joint-related physical impairments (including positive ANA and RNP tests and diagnoses of polyarticular arthralgias, myalgia and myositis) is dated *after* the nonexamining physicians' reports.  Thus, the nonexamining physicians the ALJ primarily relies upon did not have the opportunity to review this evidence in rendering their opinions.  Under the circumstances, substantial evidence does not support the ALJ's finding that Ms. Joe's joint-related physical impairments are non-severe.

Moreover, this error is not harmless.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (step two error may be harmless where ALJ properly considers any limitations posed by the omitted impairment in formulating the RFC).  In formulating the RFC the ALJ found "there is no evidence that the claimant's [physical] condition could not be managed with a conservative regime of diet, exercise, and vitamin supplementation."  Tr. 18.  However, the basis for this conclusion is unclear as there is no medical opinion in the record to that effect.  The ALJ further found that "even with the claimant's myalgia and rheumatoid arthritis she is able to perform household chores such as washing dishes and sweeping."  *Id.*  However, the fact that Ms. Joe can wash dishes and sweep does not support a finding that she can perform *all* levels of work (as provided in the RFC) or the ultimate determination that she can perform the medium level of work required of a warehouse worker/stores laborer.  20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects

weighing up to 25 pounds.").

Because substantial evidence does not support the ALJ's finding that Ms. Joe's joint-related physical impairments are non-severe, and the Court cannot confidently conclude that this error was harmless, on remand the ALJ should reevaluate these impairments at step two. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("'[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006))).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should complete the initial five step disability inquiry including the effects of DAA and reevaluate Ms. Joe's joint-related physical impairment at step two.

DATED this 1st day of September, 2016.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9